| WALTZER, Judge.
Relator filed her petition for unspecified damages arising from a slip and fall accident at Respondent’s restaurant. The Relator did not request trial by jury. Respondent answered timely, and did not request a jury. In response to Respondent’s discovery requests, on 11 July 1995 Relator produced medical evidence tending to show that the amount of damage at issue may exceed $50,-000. Nine days later, Respondent filed a supplemental answer demanding trial by jury. Relator moved to strike the demand for a jury trial. The trial court denied the motion to strike, and Relator sought supervisory relief. We granted writs to review the trial courts action. Finding no error, we deny the relief requested by Relator.
We are mindful of La.C.C.P. art. 1733’s mandate that the pleading demanding trial by jury shall be filed not later than ten days after either the service of the last pleading *118 directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for trial by jury. However, the record submitted with Relator’s writ application and Respondent’s response show that the Respondent first became aware that the plaintiffs claim was for more than a twisted ankle when Relator finally on 11 July 1995 made available to Respondent medical records that had been in Relator’s possession since 1994.
|2The right to trial by jury is fundamental in character and courts should indulge in every presumption against a waiver, loss, or forfeiture of that right. Parker v. Rowan Companies, Inc., 628 So.2d 1108, 1110 (La.1991), citing Champagne v. American Southern Ins. Co., 295 So.2d 437, 489 (La.1974). Courts must be liberal in their interpretation in order to preserve a litigant’s fundamental right to a jury trial. Vincent v. Ray Brandt Dodge, 94-291 (La.App. 5th Cir. 3/1/95), 652 So.2d 84, 85.
In Sanders v. Old Quarter Tours, Inc., 499 So.2d 1346, 1348 (La.App. 4th Cir. 1987), writ denied 501 So.2d 234 (La.1987), this Court reasoned:
Entitlement to jury trial is the general rule of law. C.C.P. 1731 A. Champagne v. American Southern Ins. Co., 295 So.2d 437, 439 (La.1974), explains the primacy of the right to jury trial:
“... C.C.P. Art. 1731 expressly recognizes the right to jury trial except as limited by the provisions of C.C.P. Art. 1733 [now 1732]. The official footnote to Art. 1731 unequivocally announces its purpose to preserve inviolate a litigant’s right to jury trial. The jurisprudence likewise establishes that the'right of a litigant to jury trial is fundamental in character and the courts will indulge every presumption against a waiver, loss or forfeiture thereof.”
The Louisiana Supreme Court held in Cambridge Corner Corp. v. Menard, 525 So.2d 527, 529-30 (La.1988):
Plaintiffs or defendant’s right to a jury trial depends on the good faith amount in dispute and not necessarily on the amount initially demanded by the plaintiff.... Additionally, the initial amount demanded will not always determine the right to trial by jury even when it was demanded in good faith. Many times through discovery and preparation for trial, a plaintiff will discover that his claim is actually worth more or less than he originally demanded.[1] (Emphasis added.)
This reasoning applies to defendants as well as to plaintiffs.
_]jln light of the strong public policy underlying the primacy of the right to jury trial, and the duty of this court to preserve the litigant’s right to jury trial, we find no error in the trial court’s action denying Relator’s Motion to Strike Demand for Jury Trial, and deny relief.

WRIT GRANTED. RELIEF DENIED.

PLOTKIN, J., dissents with written reasons.

. The legislature recently recognized that an opposing party may seek specification of the amount sought as damages through discovery. See, La.C.C.P. art. 893 which also prohibits a plaintiff from specifying in the allegation or prayer for relief a monetary amount of damages in cases such as this.