pBAGNERIS, Judge.

STATEMENT OF THE CASE

On August 20, 1996, Randy Hall was shopping in a K-Mart in Chalemette, Louisiana with his friends, Jason Walbridge and Shannon Davis. Both Hall and Wal-bridge were shopping in the toy aisle. Walbridge .testified that while he was in the toy aisle he noticed marbles on the floor of the Toy Department. Walbridge refrained from saying anything about the marbles to Hall who later slipped and fell on the marbles, sustaining injuries as a result of the fall.
On September 16, 1996, Mr. Hall filed a Petition for Damages in the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana, seeking damages for injuries sustained as a result of the slip and fall. Bob Hall and Donna Hall (hereinafter “ Plaintiffs/Appellees”) are the parents of Mr. Hall who died after the first portion of the trial was held in this matter. His parents were substituted as the Plaintiffs/Appellees.
li»On April 17, 1997, a Motion to Set for Trial was filed by the Plaintiffs/Appellees’ counsel. The trial date was set for September 8,1997.
On May 16, 1997, K-Mart Corporation (hereinafter “ Defendant”) filed a Motion to Continue Trial. The Defendant claimed that the continuation was requested due to the Plaintiffs/Appellees’ failure to supplement discovery responses with medical documentation that was to be introduced at trial and also because the case had been incorrectly scheduled as a judge trial, despite demands made by both litigants for a trial by jury. Alternatively, the Plaintiffs/Appellees urged that the continuation was a result of a scheduling conflict by the Defendants. On June 4, 1997, the court ordered that the trial be reset for September 25, 1997. Moreover, the trial court ruled that the case would proceed as a judge trial, but continued a portion of the trial in order to provide the Defendant an opportunity to respond to additional evidence. On June 6, 1997, the .Defendant was served with a copy of the Order of the Court.
On September 25, 1997, the Defendant filed a second Motion to Continue allegedly because of last minute developments in Randy Hall’s medical condition and a renewed demand for damages in excess of $50,000.00 by the Plaintiffs/Appellees. The Motion was denied as a result of the Defendant’s failure to post the required deposits. The trial judge proceeded with the case as a judge trial.
|sOn October 24, 1997, the Defendant applied to this Court for a Supervisory Writ claiming that the trial court erred in denying the Defendant’s Motion to Continue Trial in order to allow the Defendant a jury trial. The Supervisory Writ was denied by this Honorable Court.
On November 10, 1997, this Court also denied the Defendant’s writ application finding that the trial court had committed no error.
On September 25, 1997 and May 18, 1998, this case was tried by the trial court. On July 21,1998, the trial court rendered a judgment in the amount of $35,000.00 in favor of the Plaintiffs/Appellees. The Defendant now appeals this judgment.

LAW AND ARGUMENT

The issue presented is whether the trial court committed manifest error in holding that K-mart corporation had constructive notice of marbles on the floor of the toy aisle prior to the plaintiffs fall.
LSA-R.S. 9:2800.6 B(2) imposes upon the claimant the burden of proving the following:
*1022 The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
LSA-R.S. 9:2800.6 C(l) defines constructive notice:
Constructive notice means the claimant has proven that the condition existed for such periods of time that it would have been discovered if the merchant had exercised reasonable care. |4The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
In the case at bar, the Defendant asserts that Louisiana jurisprudence requires that a plaintiff suing a merchant under LSA-R.S. 9:2800.6 must make an affirmative showing as to the amount of time that a hazardous condition existed prior to an accident. Moreover, citing Kennedy v. Wal-Mart Stores, Inc., 99-1939 (La. 4/13/99), 733 So.2d 1188, 1999 La. LEXIS 976 (1999), the defendant maintains that a plaintiff who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Id., at 1191.
Lastly, the defendant avers that Byron LeFrance, an employee of the Defendant working in and about the toy department on the day of the accident, testified that it was his opinion that Mr. Hall’s fall was staged based upon the fact that he saw marbles in Mr. Hall’s hand prior to the fall, and that upon assisting Mr. Hall from the floor, he saw a marble pouch underneath him.
Conversely, the Plaintiffs/Appellees charge that Jason Walbridge, an acquaintance of Mr. Hall who was shopping with him on the day of the accident, testified before the lower court that he observed some marbles on the floor before Mr. Hall slipped and fell. Mr. Walbridge further testified that the marbles were on the floor for at least half an hour to forty-five minutes before Mr. Hall’s accident. Moreover, Mr. Walbridge testified that | ^although he saw the marbles on the floor of the toy aisle, he never said or warned Mr. Hall about them. Despite this Court’s failure to understand Mr. Walbridge’s motive for not informing Mr. Hall and/or Defendant-store personnel of the marbles, we nevertheless adhere to the judgement of the trial court. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart v. State, through DOTD, 617 So.2d 880, 882 (La.1993).
The reason behind this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses, as compared with the appellate court’s access only to a cold record, but also upon the proper allocation of trial and appellate function. Id., at 883. Thus, where there are two permissive views of evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Lewis v. State, Through DOTD, 654 So.2d 311(La.1995).
We find that the trial judge here was presented with two permissible yet diametrically opposed accounts of how this accident occurred. Unlike this Court, the trial judge had a first-hand opportunity to observe all of the witnesses during their testimony and weigh each one’s credibility. Upon hearing the testimony of both Mr. Hall and his witnesses and the Defendant’s witnesses, the Honorable Melvin Perez ruled in favor of Mr. Hall. Consequently, Judge Perez reasoned that although he did not find any ^witness to be deceitful or unbelievable, he found the testimony of the deceased Mr. Hall and his witnesses to be more credible. We affirm.
Likewise, we stress that our function as an appellate court is not to retry *1023 this case, but only to ensure that the lower court has properly decided this matter in accordance with the laws of this State. Thereupon, after a through review of the record, we find that the trial court did not err in finding that the Defendant had constructive notice of the marbles on the floor prior to Mr. Hall’s accident.
The second issue presented is whether the trial court properly denied the defendant’s request for a jury trial.
La. C.C.P. art. 1733 provides in relevant part:
A. A party may obtain a trial by jury by filing a pleading demanding a trial by jury and a bond in the amount and within the time set by the court pursuant to Article 1734.
B. A motion to withdraw a demand for a trial by jury shall be in writing.
C. The pleading demanding a trial by jury shall be filed not later than 10 days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for a trial by jury.
In Zeller v. Jording, 624 So.2d 432 (La. App. 4th Cir.1993), this Court faced a situation similar to the one before it today. In Zeller, the defendant failed to make a request for a jury trial within the applicable time limit. Id. Thus, the trial court ultimately denied the defendant’s untimely claim. Id. On appeal, the defendant argued that it was entitled to a trial by jury because it did not have knowledge that the plaintiffs’ claims for damages satisfied the jurisdictional amount for a trial by jury prior to its request for a jury trial. Id. Notwithstanding, this Court held that the defendant should have |7requested a jury trial within the time prescribed by Article 1733 as it would have been the plaintiffs burden to move to strike the jury or to amend his petition to show that the good faith amount in dispute was less than $20,-000.00. Id.
In Guzman v. Crispy Catfish and Seafood, Inc., 665 So.2d 117 (La.App. 4 th Cir.1995), this Court faced another case comparable to the one at bar. In Guzman, the plaintiff sued the defendant-restaurant owner for damages he incurred when he slipped and fell in the defendant’s place of business, Crispy Catfish and Seafood, Inc. Id. Neither the plaintiff nor the defendant initially requested a jury trial. However, upon the plaintiffs production of additional medical evidence, which indicated that his damages may exceed $50,000.00, the defendant, filed a supplemental answer demanding a trial by jury some nine days later. Id. The plaintiff moved to strike the demand for a jury trial, but was later denied by the trial court. This Court affirmed the trial court’s decision reasoning that the jurisprudence of this state establishes that the right of a litigant to a jury trial is fundamental in character and the courts will indulge every presumption against a waiver, loss or forfeiture. Id.
The Honorable Judge Steven R. Plotkin dissented as he disagreed ydth the majority’s application of the law in Guzman. Id. at 118. Judge Plotkin asserted that in the past this Court has interpreted Subsection (C) of Article 1733 as mandatory given the use of the word shall. Id.
I ¡^Moreover, Judge Plotkin insisted that despite the majority’s statement of the general principle requiring courts to indulge in every presumption against a waiver, loss, or forfeiture of the right to trial by jury is correct, its application in the Guzman case was incorrect as the precedent cited by plaintiff and relied on by both the lower court and this Court was not on point. Id. Finally, he opined that the majority’s holding in Guzman was directly contradictory to this Court’s prior holding in Zeller, the only recently reported case dealing with an untimely, filed request for trial by jury. Id. Likewise, he concluded that the majority’s misinterpretation of subsection (C) of La. C.C.P. art. 1733 rendered it meaningless, an action inappropriate for an appellate court. Id.
*1024 The Louisiana Supreme Court reversed Guzman the next year holding that the plaintiffs motion to strike the jury was granted. See Guzman v. Crispy Catfish and Seafood, Inc., 667 So.2d 1037 (La.1996).
We opine that both Zeller and Guzman are still good law, and likewise we rely on them today. The Defendant states in its brief that this ease was originally set as a judge trial based upon representations made by the Plaintiffs/Appellees’ counsel that the case was not worth more than $50,000.00, the jurisdictional amount necessary for a jury trial as provided by La. C.C.P. art. 1732.
The Defendants claim that they forwarded a Stipulation to the Plaintiffs/Ap-pellees’ counsel proposing that the Plaintiff/Appellees waive any claim for damages in excess of $50,000.00, which the Plaintiffs/Appellees’ counsel refused to sign. Thus, the Defendant asserts that when the Plaintiffs/Appellees produced at the eleventh hour medical | ^reports indicating that the value of the case could exceed $50,-000.00, it was simply to too late for the Defendant to obtain a jury trial short of a continuance.
La. C.C.P. art. 1734.1(A) provides in pertinent part:
When the ease has been set for trial, the court may order, in lieu of the bond require in Article 1734, a deposit for costs, which shall be a specific cash amount, ... Failure to post the cash deposit shall constitute a waiver of a trial by jury.
In the case at bar, the Defendant never posted the required deposits to ensure a jury trial if in fact any monetary disputes arose regarding the amount in controversy. Thus, we opine that the Defendant, who is a large, well-known department store likely equipped with very ■ capable legal counsel should have posted the required bonds. However, the Defendants chose not to take any action until the morning of the trial when they asked the Plaintiffs/Appellees to concede to the above-mentioned Stipulation.
We do not believe that this was something that the Defendants concocted on the morning of trial. Likewise, we opine that the Stipulation should have been sent to the Plaintiffs/Appellees before the morning of the trial, preferably prior to the time provided for filing for a jury trial. At that time, had the Plaintiffs/Appellees produce additional evidence of medical |inexpenses exceeding the $50,000.00, the Defendants could have timely filed a demand for a jury trial. As Judge Plotkin stated in his dissent in Guzman, the burden would have then been on the Plaintiffs/Appellees to strike the jury or to amend their petition to show that the good faith amount in dispute was less than $50,000.00. Nevertheless, the Defendants failed to take any preventive steps to preserve a jury trial in this matter. Given the circumstances of this case, we find that the trial judge was correct in denying the Defendants’ request for a jury trial and proceeding with the case as a judge trial.

CONCLUSION

We find that the Defendants had constructive notice of the marbles located on the floor of its toy aisle, yet they failed to take any preventive steps to ensure customer safety. Thus, we find the Defendants liable for the injuries sustained by Mr. Hall as a result of this accident. Moreover, we find that the trial court was proper in proceeding with this matter as a judge trial as the Defendants failed to file a timely request for a jury trial. For the aforementioned reasons, we affirm the judgment of the trial court.

AFFIRMED.

JONES, J., CONCURS IN PART AND DISSENTS IN PART WITH REASONS.