hBELSOME, J.,
Dissents.
I respectfully dissent from the majority’s opinion. In Riddle v. Bickford, 2000-2408 (La.5/15/01), 785 So.2d 795, the Supreme Court specifically stated that when a “... jury trial is not timely requested or sufficient bond not timely filed, the litigant loses the statutory right to trial by jury.” citing Hall v. K-Mart, 99-0619 (La.App. 4 Cir. 3/1/00), 755 So.2d 1020; Littleton v. Wal-Mart Stores, Inc., 99-390 (La.App. 3 Cir. 12/1/99), 747 So.2d 701; Manuel v. Shell Oil Co., 94-590 (La.App. 5 Cir. 10/18/95), 664 So.2d 470.
The Littleton opinion addressed essentially the same situation as this court is faced with in the instant case. Wal-Mart failed to post the jury bond 30 days prior to their original trial date. When the trial was continued, Wal-Mart argued that the jury bond was paid 30 days prior to the actual trial date. The trial court disagreed and struck the jury, the Third Circuit affirmed finding that once a party loses its right to a jury trial it cannot be revived by the continuance of the trial date. Littleton, supra, p. 10, at 706.
The facts of this case do not warrant a decision contrary to the cited jurisprudence. For these reasons I would grant the writ and strike the jury.