517 So.2d 283 (1987)
Michael DAWSON
v.
MAZDA MOTORS OF AMERICA, INC., Moffitt Volkswagon, Inc., Bridgestone Tire Co., Ltd. and Toyo Kogyo Co., Ltd.
No. CA 86 1275.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
*284 Otha Curtis Nelson, Sr., Baton Rouge, for plaintiff-appellant Michael Dawson.
Michael T. Pulaski, New Orleans, for defendant-appellee Mazda Distributors, Inc., Bridgestone Tire Co. and Toyo Kogyo Co.
Before WATKINS, CARTER and CHIASSON,[*] JJ.
CHIASSON, Judge.
This suit arises out of a single car accident which occurred at 3 a.m. on October 10, 1980. Plaintiff-appellant, Michael Dawson, was driving his vehicle in a westerly direction across the Old Mississippi River Bridge in Baton Rouge when the left rear tire on his car "blewout," causing the car to cross into the opposing lanes of traffic, totally demolishing the automobile and causing physical injuries to Dawson. Dawson filed suit for $56,097.68 subject to subrogated damages paid by Aetna Casualty and Surety Company in the amount of $8,357.18. Named as defendants were Moffitt Volkswagon, Inc., Bridgestone Tire Company, Ltd., Mazda Distributors, Inc. (erroneously referred to as Mazda Motors of America, Inc.), and Toyo Kogyo Company, Ltd. Plaintiff's suit alleged that the above named defendants were at fault in the design and/or manufacture of the tire involved in the blowout. Defendants answered, denying liability and alleging that Dawson failed to properly control and maintain his vehicle and further alleging that he had assumed the risk of his injury. On December 18, 1985, Dawson filed an amended petition seeking the total amount of $196,097.68 in damages.
On February 12, 1982, judgment was rendered in favor of Moffitt, granting its motion for summary judgment. The case was first set for trial on November 28, 1983, and the jury rendered a verdict in favor of all defendants, finding that Dawson assumed the risk of the defective tire. Plaintiff appealed and this court reversed and remanded the case to the district court for a new trial, concluding that the jury improperly found that Dawson had assumed the risk of the defective tire. Dawson v. Mazda Motors of America, Inc., 475 So.2d 372 (La.App. 1st Cir.1985).
A second trial was held on April 16 and 17, 1986. The jury again ruled in favor of all defendants, concluding that the defendants were not at fault. Appellant applied *285 for a new trial and the motion was denied. Plaintiff then filed this devolutive appeal.

SPECIFICATIONS OF ERROR
Appellant contends that the trial court erred in:
1. allowing the jury to hear testimony from the deposition of a State Trooper as to what led him to believe that Dawson had been drinking;
2. allowing the testimony of the trooper "as to his reason for marking a box on the police report that the driver was inattentive or distracted because of the fact that he noticed an odor of alcohol on his breath and he could positively say he had been drinking";
3. allowing appellees' expert witness to use a sample of a tire that was not the same as the tire involved in this case;
4. in failing to give the appellant's special requests for jury instructions numbers 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 21, 22, and 23;
5. the jury erred in failing to find that defendants were at fault and liable to plaintiff for damages that he suffered as a result of the blowout;
6. in failing to grant appellant a judgment notwithstanding the verdict; and
7. the court reporter erred in failing to transcribe the selection of the twelve jurors or the part of the trial where prospective jurors were challenged for cause and the trial judge failed to grant the challenge, and as a result the appellant was forced to exercise a peremptory challenge and was not able to receive a fair and impartial trial by jury.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Appellant contends that the trial court committed "manifest and reversible error" by allowing the jury to hear State Trooper Revere J. Christophe's testimony about facts perceived during his investigation of the accident. Specifically, appellant contends that, because Christophe lacked experience and was not qualified as an expert, the testimony that Christophe believed Dawson had been drinking deprived appellant of a fair trial.
Christophe was the investigating officer at the scene of Dawson's accident. The trooper had independent recollection of the accident that "stuck out in [his] mind very vividly." Christophe testified that Dawson had the odor of alcohol on his breath and person, that Dawson's speech was semi-slurred and his eyes were red. Christophe further testified that he listed the condition of Dawson as "inattentive or distracted" on his police report because he "noticed an odor of alcohol on his breath and that I could positively say he had been drinking. So therefore, any amount of alcohol in your system you're not going to be completely attentive to what you're doing...."
Christophe's testimony was not offered by defendants nor accepted by the court as an expert opinion. He was merely stating his perceptions of Dawson's behavior, appearance and odor immediately following the accident. He did not testify that Dawson was intoxicated, or offer any improper opinion evidence. He was clearly competent to bring the facts of his investigation before the jury. Louisiana courts have concluded that the testimony of state troopers directed to facts found when investigating an accident do not constitute expert opinion testimony. Nicholson v. Louisiana Dept. of Transportation and Development, 449 So.2d 178 (La.App.3d Cir. 1984); Starks v. Kelly, 435 So.2d 552 (La. App. 1st Cir.1983). Any witness may testify as to opinions or inferences which are based on the rational perception of facts by the witnesses and are helpful to a clear understanding by the fact finder of the testimony of the witness or to the determination of a factual issue. Lancon v. Vallot, 459 So.2d 1360 (La.App.3d Cir.1984); Montelbano v. Montelbano, 415 So.2d 303, 305 (La.App.2d Cir.1982), writ denied, 420 So.2d 163 (La.1982); Greene v. Wright, 365 So.2d 551 (La.App. 1st Cir.1978).
Christophe's opinion that appellant had been drinking and was inattentive or distracted was based on his rational perception of appellant's physical appearance and behavior after the accident and was properly *286 before the jury. Furthermore, the jury found that appellees were not at fault by answer to jury interrogatory number one, and therefore, did not further deliberate about question of victim fault or assumption of risk.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 3
Appellant contends that the trial judge committed error in allowing the appellees' expert witness to use a sample of a tire that was not the same as the tire involved in this case. Appellant's expert, George Pappas, testified that the tire failed due to non-uniform adhesion between the top and body plies of the steel cords which resulted in fatigue failure and the ultimate blowout. Appellees' expert, James Johnson, testified that the tire failed because it was operated underinflated. Johnson found no evidence of manufacture or design defect in the tire after a complete examination of the blown out tire.
Johnson used a cut-away sample showing the interior of a radial tire for demonstrative purposes during his testimony. This sample had polyester two-ply casing cord and belt construction that was identical to the failed tire. The only difference between the tire and the sample was surface tread design. Johnson stated this superficial difference was wholly irrelevant to the content of his testimony. Dawson's expert witness proposed that the tire failed for reasons totally unrelated to tread design, thus appellant's attempt to assign error relating to this minor external difference is totally without merit.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 4
Appellant assigns as error the trial judge's refusal to give some of defendant's special requests for jury charges. LSA-C. C.P. art. 1793(C) provides that:
A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.
Appellant's counsel stated at trial that he would like to enter an objection and "make it a general objection to the court's failure to give the, or include the special requests for jury instructions 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 21, 22 and 23 basically just for the record."
Because appellant's counsel failed to specifically state the grounds of his objections to the failure to give each listed jury instruction, he has forfeited his right to complain on appeal of the trial judge's refusal to give said instructions. Lea v. Baumann Surgical Supplies, Inc., 321 So.2d 844 (La. App. 1st Cir.1975), writ denied, 325 So.2d 279 (La.1976).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
Appellant contends that the jury erred by failing to find that appellees were at fault and liable for the accident. Absent manifest error an appellate court may not disturb the findings of fact by a jury. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). After a thorough review of the record and evidence we find no manifest error. This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 6
Appellant contends that the trial court erred in failing to grant appellant either a judgment notwithstanding the verdict or a new trial. LSA-C.C.P. art. 1811 requires that a motion for a judgment notwithstanding the verdict be made no later than seven days, exclusive of legal holidays, after the signing of the judgment. Judgment in this case was signed on May 7, 1986. Appellant moved for a new trial on May 15, 1986, but did not move for a judgment notwithstanding the verdict. This constitutes a waiver of appellant's right to assign such error on appeal.
Appellant contends that the jury's verdict was contrary to the law and evidence and that the judge erred by not granting a new trial. LSA-C.C.P. art. 1972 states that a new trial shall be granted for peremptory *287 grounds when the verdict or judgment appears clearly contrary to the law or evidence. The trial judge stated that "the court felt there was no negligence at all of the jury. As a matter of finder of fact, I don't feel in good conscience I can overrule that finding of fact." After a thorough review of the record we agree with the trial judge that the verdict is not clearly contrary to law or evidence, nor do we find an abuse of discretion by the judge in refusing to grant appellant's motion for a new trial.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 7
Appellant assigns as error the failure of the court reporter to transcribe the voir dire examination of potential jurors. However the record has since been supplemented with voir dire excerpts to address this concern.
Appellant also contends that the judge erred in failing to grant challenges for cause in respect to prospective jurors Louis Crais and John Ozier.
Appellant contends that the trial court erred in denying a challenge for cause to prospective juror Crais. During the examination Crais stated that, although he had been named an additional defendant in a lawsuit filed by plaintiff's attorney against a bank, he would not be prejudiced by this prior lawsuit. The challenge for cause having been denied, plaintiff peremptorily challenged Crais.
At the outset it is not clear whether plaintiff exhausted all of his peremptory challenges during the impanelling of the jury. If all of plaintiff's peremptory challenges were not exhausted, plaintiff cannot complain of the trial judge's failure to excuse a juror for cause. State v. Ellis, 487 So.2d 752 (La.App.3d Cir.1986) writ denied, 492 So.2d 1217 (La.1986); Bernard v. Richoux, 464 So.2d 856 (La.App. 5th Cir. 1985).
In any event the record does reflect that prospective juror Crais was sufficiently rehabilitated so that the trial court's denial of plaintiff's challenge for cause would not be error even if peremptory challenges had been exhausted.
If a prospective juror is able to declare to the trial court's reasonable satisfaction that he could render an impartial verdict according to the law and evidence, a challenge for cause to that juror is properly denied. State v. Claiborne, 397 So.2d 486 (La.1981); State v. Ellis, supra. The trial court is vested with broad discretion in ruling on cause and such rulings will not be disturbed absent an abuse of discretion. State v. Benoit, 440 So.2d 129 (La.1983). There was no such abuse of discretion in this case.
Plaintiff did not challenge prospective juror Ozier for cause at trial. Thus, this issue was not raised at trial and is not preserved for purposes of appellate review. Seals v. Pittman, 499 So.2d 114 (La.App. 1st Cir.1986), writs denied 503 So.2d 15, 1021 (La.1987).
This assignment of error lacks merit.

DECREE
For the foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the death of Judge John S. Covington.