WRIT GRANTED AND MADE PEREMPTORY.
There is no authority in the law for a support enforcement services officer of the DHHR to issue a summons to a defendant in a child support proceeding ordering the defendant to show cause why he should not be adjudged guilty of contempt of court because of a failure to comply with a judgment rendered in the cause. Accordingly, the order of the juvenile court for the issuance of a bench warrant rendered when defendant failed to appear in court after having been served with a warrant issued and served by a support enforcement officer is set aside, and the summons is quashed.
In this case a summons was issued and served by a support enforcement officer ordering defendant to appear in court on a certain date, and a petition for contempt was later filed by the assistant district *1300 attorney but no show cause order was issued by the court and the petition was not served upon the defendant. Writs were taken by defendant’s appointed counsel from the order ordering issuance of a bench warrant.
The summons form states that it is issued pursuant to LSA-R.S. 46:236.1(K). That statute authorizes a support enforcement officer to “serve” a summons, but does not authorize such officer to “issue” a summons. LSA-C.Cr.P.Art. 208, relied upon by the state, defines a summons but the authority for a peace officer to issue a summons is contained in Art. 211. A summons shall be issued only when it is lawful for a peace officer to arrest a person without a warrant for a misdemeanor. The summons issued in this case does not charge a misdemeanor and there are no grounds asserted for making a lawful arrest of the defendant.
LSA-R.S. 46:236.1, relied on by the state, authorizes the department to enforce and collect support obligations but enforcement efforts must conform to statutory authority. The procedure for initiating contempt proceedings is provided in the Code of Civil Procedure and LSA-R.S. 46:236.7(B) which provides for the issuance of a rule to show cause by the court, not by a support enforcement officer.
The writ is granted and made peremptory, the summons is quashed, and the order for issuance of a bench warrant is set aside.