554 So.2d 232 (1989)
STATE of Louisiana
v.
Walter Miron TAYLOR, Jr.
No. 21698-JW.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1989.
Diehlmann C. Bernhardt, Monroe, for Walter Miron Taylor, Jr.
James A. Norris, Dist. Atty., Leo Douglas Lawrence, Asst. Dist. Atty., Monroe, for State of La.
Before HALL, MARVIN and SEXTON, JJ.
WRIT DENIED.
Applicant seeks review of the trial court judgment finding him in contempt of court for failure to make child support payments and sentencing him to 60 days in jail. Applicant initially complains about the issuance of the summons by a support enforcement officer and that there was no rule to show cause. The hearing in this matter did not occur until November 13, 1989, subsequent to legislative approval of the summons and hearing procedure used in this case by Act 741 of 1989, effective September 3, 1989, in effect overruling State v. Roy Turner, 549 So.2d 1299 (La. App.2d Cir.1989). As a procedural statute, it has retroactive application. Hawn Tool *233 Company v. Crystal Oil Company, 514 So.2d 636 (La.App.2d Cir.1987). This complaint is without merit.
The trial court committed no error in allowing witness Barbara Henson to testify as to statements made by the defendant to her without showing the defendant was given Miranda warnings. There was no custodial environment present during Ms. Henson's interview with the defendant. Miranda warnings were therefore unnecessary.
There is no support for defendant's argument that the State must first be required to pursue income assignment remedies prior to initiating a contempt proceeding. LSA-R.S. 46:236.3L specifically provides that income assignment remedies are in addition to any other remedies.
A contempt proceeding ancillary to a civil proceeding assumes the quality of a criminal or quasi-criminal proceeding only after a criminal sentence has been imposed. Goins v. Goins, 437 So.2d 947 (La.App.2d Cir.1983); Fontana v. Fontana, 426 So.2d 351 (La.App.2d Cir.1983), writ denied, 433 So.2d 150 (La.1983). Thus, the safeguards provided to a criminal defendant are inapplicable. Likewise, the burden of proof is by a preponderance of the evidence and appellate review is by the manifestly erroneous standard.
The trial court's finding of the defendant's willful disobedience with a court order of support was not clearly wrong or manifestly erroneous based on the defendant's history of failing to fulfill his child support obligation and the defendant's statements to Ms. Henson that he was unemployed when other evidence showed he did have employment. This writ is accordingly denied.