_y?ETTIGREW, J.
The primary issue presented by this appeal is a matter of first impression, i.e., whether the trial court committed reversible error in refusing to allow plaintiffs to exercise their remaining peremptory challenges before the entire jury in their personal injury lawsuit had been accepted and sworn. After a thorough review of record, we conclude that the trial court did not err and accordingly affirm.
FACTS
Based upon the allegations set forth in their petition, plaintiffs, Lula Charlene Riddle (“Mrs.Riddle”) and her husband, Phillip Riddle (“Mr.Riddle”), were residing in a condominium situated at 6791 Morgan Road, Greenwell Springs, Louisiana. The aforementioned condominium was part of a four-plex condominium development known as The Bristol Duplexes. Mr. and Mrs. Riddle further allege that they leased said condominium from its owners, defendants, Larry and Brenda Bickford (“Mr. and Mrs. Bickford”).
Mr. and Mrs. Riddle assert that at approximately 5:00 p.m. on July 9,1993, Mrs. Riddle had taken her three grandchildren swimming at a pool located on the premises of The Bristol Duplexes. As Mrs. Riddle walked along the side of the swimming pool, she claims to have tripped and fallen over .a piece of wood that was placed over several anchor bolts once used to secure a diving board. As a result, Mrs. Riddle claims to have sustained herniated lumbar discs at L5-S1 and L3-4, for which she underwent an L5-S1 discectomy with L5 laminotomy on August 6, 1993.
Subsequently, on July 11, 1994, Mr. and Mrs. Riddle filed the instant suit and named Larry Bickford, Brenda Bickford, Whitney A. Langlois, Donna Hicks En-glade, Morris W. James, Barbara McDa-nell James, The Bristol Duplexes Homeowners’ Association, James & Laventino Partnership, Místate Insurance Company, State Farm Fire and | ^Casualty Company, and the Millers Insurance Group[1] as defendants therein.[2] Pursuant to the allegations of the petition in this matter, Mrs. Riddle sought damages for past and future pain and suffering, mental anguish and distress, disability, medical expenses, loss or impairment of the enjoyment of life, and loss of earnings and impairment of future *795 earning capacity. Mr. Riddle also alleged a claim for loss of consortium.
Following her initial surgery on August 6, 1993, Mr. and Mrs. Riddle moved to Grove, Oklahoma, and Mrs. Riddle eventually underwent surgery there to remove multiple free-floating disc fragments at the prior operative site. Thereafter, Mrs. Riddle was reputedly diagnosed with “reflex sympathetic dystrophy,” for which she later underwent another surgery. According to her physicians, all of Mrs. Riddle’s complaints were directly related to the original L5-S1 ruptured disc sustained in the fall at the pool. At the time of trial, Mrs. Riddle claimed to still be experiencing a great deal of pain, sleeping only several hours at a time each night.
ACTION OF THE TRIAL COURT
Prior to trial, Mr. and Mrs. Riddle dismissed their claims against the individual defendants, and pursuant to a joint stipulation, the matter proceeded to trial against the defendant insurance companies. This matter was tried before a jury on July 28-31, 1998. At the outset of the jury selection process, the trial judge informed counsel that “back-striking” would not be permitted. Counsel for Mr. and Mrs. Riddle noted an objection to the judge’s refusal to allow back-striking, i.e., the practice of allowing both sides, after selecting jurors from the last panel, to go back and expend any remaining peremptory challenges to exclude jurors selected from previous panels, before accepting and swearing the entire jury. Consequently, counsel for Mr. and Mrs. Riddle was left with two unex-pended peremptory challenges and was unable to use said challenges to strike previously-selected jurors.
14At the conclusion of the trial, the jury returned a verdict finding that the existence of the plank or board constituted a defective condition, but that Mrs. Riddle had not sustained any injury or damage as a result of said condition. The trial judge rendered judgment in accordance with the jury verdict, dismissing Mr. and Mrs. Riddle’s claims with prejudice and at their cost. From this judgment, Mr. and Mrs. Riddle have appealed. In response, defendants have filed answers to the appeal, taking issue with the jury’s finding that there existed a defective condition at the pool.
ISSUES PRESENTED FOR REVIEW
The sole issue assigned by Mr. and Mrs. Riddle in connection with this appeal is whether the trial court committed reversible error in refusing to allow them to exercise their remaining peremptory challenges before the entire jury had been accepted and sworn, thereby requiring de novo review of the case.
DISCUSSION
In determining whether the trial court committed reversible error, it is necessary to identify the proper standard of appellate review. The Louisiana Constitution provides that the appellate jurisdiction of the courts of appeal extends to both law and facts. La. Const., art. V, § 10(B). A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that is manifestly erroneous or clearly wrong. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882, n. 2 (La.1993). When the court of appeal finds that a reversible error of law or manifest error of material fact was made in the trial court, it is required to redetermine the facts de novo from the entire record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840, 844, n. 2 (La.1989).
As we have previously noted, the issue presented by the instant appeal is whether the trial court committed legal error in refusing to allow Mr. and Mrs. Riddle to exercise their remaining peremptory challenges before the entire jury had been accepted and sworn. Appellate review of questions of law is simply review of whether the trial court was legally correct *796 or legally incorrect. Medline Industries, Inc. v. All-Med Supply & Equipment, 94-1504, p. 4 (La.App. 1 Cir. 4/7/95), 653 So.2d 830, 832.
|BIn their brief to this court, Mr. and Mrs. Riddle argue that the decision not to permit back-striking constituted legal error by the trial court necessitating a de novo review of the facts by this court. Because they were not permitted to use their two remaining peremptory challenges, and the jury’s vote on causation was ten (10) to two (2), Mr. and Mrs. Riddle claim “those two peremptory challenges may well have been outcome determinative.” [3] Defendants assert that Mr. and Mrs. Riddle, aware of the weakness inherent in their appeal, are merely attempting to diminish this court’s deference to the jury’s verdict by invoking de novo review.
The parties freely acknowledge that the practice known as back-striking is frequently used during jury selection in criminal cases, and expressly sanctioned in such cases by La.Code Crim. P. art. 795 B(l). Article 795 B(l) provides: “Peremptory challenges shall be exercised prior to the swearing of the jury panel.” This article has been interpreted to mean that a juror in a criminal prosecution though “provisionally accepted” may nevertheless be challenged peremptorily by a party at any time prior to the swearing of the jury panel. State v. Taylor, 93-2201, p. 22 (La.2/28/96), 669 So.2d 364, 376, cert. denied, 519 U.S. 860, 117 S.Ct. 162, 136 L.Ed.2d 106; State v. Watts, 579 So.2d 931 (La.1991). However, in its opinion in Taylor, the supreme court held that “[t]he trial court’s refusal to allow the parties to ‘back strike’ prospective jurors did not prevent the defendant from utilizing all of his challenges during the jury selection process.” Taylor, 93-2201 at 26, 669 So.2d at 378.
In the instant case, the record indicates that the trial judge informed the parties at the beginning of jury selection that back-striking would not be permitted. Counsel for Mr. and Mrs. Riddle objected, and was later given an opportunity to note this objection for the record. The trial judge also clarified for the record that after questioning members from each panel of prospective jurors, the selected jurors were immediately sworn and placed in the jury room. Mr. and Mrs. Riddle complain that because previously-selected jurors lidiad already been sworn, they were barred from using their two remaining peremptory challenges to back-strike jurors selected in earlier panels.
In their brief to this court, Mr. and Mrs. Riddle argue that “with regard to peremptory challenges, and particularly back striking, the Louisiana Civil Code [sic] provisions closely parallel the Louisiana Criminal Procedure Articles.” According to Mr. and Mrs. Riddle, the provision found in Article 795 B(l) that “Peremptory challenges shall be exercised prior to the swearing of the jury panel” is analogous to language found in La.Code Civ. P. art. 1766 C that states, “After the entire jury has been accepted and sworn, no party has a right to challenge peremptorily.” Mr. and Mrs. Riddle submit that this latter provision “clearly contemplates the ability of a party to exercise a remaining peremptory challenge against any prospective juror at any time prior to the swearing of the last juror.”
While the Official Revision Comment following Article 1766 states that Articles 1766 and 1767 are taken from the Code of Criminal Procedure, we note that the language is not identical. This court will further concede that while back-striking has been recognized as an acceptable practice in criminal cases, we are not prepared to mandate that said practice be the rule in civil cases. It is the opinion of this court that the process of civil jury selection, and correspondingly, the use of peremptory challenges, are, like the control of *797 proceedings at trial, best left to the much discretion afforded the trial court. See La.Code Civ. P. arts. 1631 and 1761.
Additionally, this court has been unable to find a single case holding that the practice of back-striking must be permitted in civil cases. In Bernard v. Richoux, 464 So.2d 856, 860 (La.App. 5 Cir.1985),[4] the plaintiff assigned as error the trial court’s failure to allow the use of peremptory challenges after the jury had been impaneled but before the jury had been sworn. In rejecting this allegation of error, the court stated:
[The plaintiffs] complaint regarding the refusal of the trial judge to allow her to “reserve” at least one peremptory challenge until after the jury was selected but before being sworn is meritless. This procedure is without precedent in our 17law and our knowledge and experience, and appellant cites no authority whatsoever for same.
Bernard, 464 So.2d at 860 (emphasis supplied).
In the opinion of this court, the trial judge’s decision not to permit back-striking in the instant civil case did not constitute an error of law. Accordingly, de novo review by this court is not appropriate. This assignment of error is without merit.
Having determined that de novo review is not appropriate in this case, we will proceed ex proprio motu to review the jury’s finding as to causation pursuant to the manifest error standard. After a thorough review of the record, we cannot say that the jury was clearly wrong in its finding that Mrs. Riddle did not sustain any injury or damage as a result of this defective condition. Where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 883.
In light of our findings above, we preter-mit consideration of the question raised by defendants in their answers to the instant appeal; i.e., whether the jury was clearly "wrong in its determination that there existed a defective condition at the pool.
CONCLUSION
For the reasons set forth above, the judgment of the trial court is hereby affirmed. All costs associated with this appeal are assessed against plaintiffs-appellants, Lula Charlene Riddle and Phillip Riddle.
AFFIRMED.
CARTER, J., dissents and assigns reasons.
LeBLANC, J., dissents for the reasons assigned by CARTER, J.

. Millers Insurance Group was added as a defendant through an amended petition filed on March 12, 1997.

. Mr. and Mrs. Riddle subsequently dismissed, without prejudice, defendants, Bristol Duplexes Homeowners' Association and James & Laventino Partnership. Mr. and Mrs. Riddle also dismissed their claims against the individual named Insureds pursuant to a stipulation that defense counsel would not raise any procedural or substantive objections stemming from the dismissals.

. Louisiana Code ol Civil Procedure article 1797 B provides, in pertinent part, that ”[i]f trial is by a jury of twelve, nine of the jurors must concur to render a verdict.”

. It should be noted that at the time Bernard was decided, counsel for Mrs. Bernard was a member of Mr. and Mrs. Riddle’s counsel’s firm.