785 So.2d 795 (2001)
Lula Charlene RIDDLE and Phillip Riddle
v.
Larry BICKFORD, Brenda Bickford, Whitney A. Langlois, Donna Hicks Englade, Morris W. James, Barbara Mcdanell James, The Bristol Duplexes Homeowners' Association, James & Laventino Partnership, Allstate Insurance Company and State Farm Fire and Casualty Company.
No. 2000-C-2408.
Supreme Court of Louisiana.
May 15, 2001.
*797 Paul H. Due, Kirk A. Guidry, Due, Caballero, Price, Guidry, Piedrahita & Andrews, Counsel for Applicant.
Albert D. Giraud, Ginger K. DeForest, Ungarino & Eckert, Glen S. Love, Donald R. Smith, Andrew W. Eversberg, Counsel for Respondent.
JOHNSON, Justice.
We granted certiorari to determine whether, pursuant to La. C.C.P. art. 1766(C), the practice of "back-striking" jurors during the jury selection process is mandated in civil trials. Over the objection of plaintiff's counsel, the trial court refused to allow counsel to back-strike jurors during the jury selection process. The court of appeal held that the trial judge's decision to not allow back-striking did not constitute legal error and affirmed the trial court's judgment on the merits. After thorough review of the law and the record, we affirm the decision of the lower courts.

FACTS AND PROCEDURAL HISTORY
This matter arises out of a suit filed by Lula Charlene Riddle and her husband, Phillip Riddle (Plaintiffs), alleging that Mrs. Riddle was injured at a swimming pool located on the premises of the Bristol Duplexes, owned by defendants, Larry and Brenda Bickford. Plaintiffs allege that Mrs. Riddle was injured on July 9, 1993, when she tripped over a piece of wood that was placed over several anchor bolts once used to secure a diving board. As a result of the accident, Mrs. Riddle sustained herniated lumbar discs at L5-S1 and L3-4, for which she underwent an L5-S1 discetomy with L5 laminotomy on August 6, 1993.
On July 11, 1994, plaintiffs filed suit and named the owners of the Bristol Duplexes, Larry Bickford and Brenda Bickford, among other owners, and their insurance companies, Allstate Insurance Company, State Farm Fire and Casualty Company, and the Millers Insurance Group, as the defendants therein.[1]
Prior to trial, Mr. and Mrs. Riddle dismissed their claims against the individual defendants, and pursuant to a joint stipulation, the matter proceeded to trial against the defendant insurance companies. This matter was tried before a jury on July 28-31, 1998. At the outset of the jury selection process, the trial judge informed counsel that "back-striking" would not be permitted. After questioning members from each panel of prospective jurors, the selected jurors were immediately sworn and placed in the jury room.
Back striking is the practice of allowing both sides, after selecting jurors from the last panel, to go back and expend any remaining peremptory challenges to exclude jurors selected from previous panels, *798 before accepting and swearing the entire jury. Counsel for plaintiffs noted an objection to the judge's refusal to allow back-striking. Consequently, counsel for plaintiffs was left with two unexpended peremptory challenges and was unable to use said challenges to strike previously-selected jurors.
At the conclusion of the trial, the jury returned a verdict finding that the existence of the plank or board constituted a defective condition, but found no causation, by vote of ten (10) to two (2), finding that Mrs. Riddle had not sustained any injury or damage as a result of said condition. The trial judge rendered judgment in accordance with the jury verdict, dismissing plaintiff's claims with prejudice and at their cost. Plaintiffs appealed seeking de novo review from the court of appeal, arguing that the trial court committed legal error in refusing to allow them to exercise their remaining peremptory challenges before the entire jury had been accepted and sworn. In response, defendants filed answers to the appeal, taking issue with the jury's finding that there existed a defective condition at the pool.
The court of appeal held that the trial judge's decision not to permit back-striking in this civil case did not constitute an error of law and, therefore, de novo review was not appropriate. Although conceding that back-striking has been recognized as an acceptable practice in criminal cases, the court of appeal stated that it was "[not] prepared to mandate that said practice be the rule in civil cases." Additionally, the court of appeal noted that it has been unable to find a single case holding that the practice of back-striking is mandated in civil cases.
Judge Carter, joined by Judge LeBlanc, dissented, opining that the trial court committed legal error in refusing to allow plaintiffs to exercise their remaining peremptory challenges before the entire jury had been accepted and sworn. Judge Carter reasoned that the plain language of the La. C.C.P. art. 1766(C) logically means that a party has the right to back-strike.
We granted the writ application to determine the correctness of the lower courts' decision. Riddle v. Bickford, et al., 99-0007 (La.7/12/00) 767 So.2d 793.

DISCUSSION
The United States Constitution and the Louisiana Constitution expressly guarantee the criminally accused the right to a jury trial. U.S. Const. Amend VI; La. Const. Art I, §§ 16,17. In the constitutional sense, trial by jury in a criminal case necessarily implies at the very least that the evidence developed against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination, and of counsel. State v. Bibb, 626 So.2d 913 (La.App. 5 Cir.1993). In addition, La. Const. Art. I. § 17 provides that the accused shall have the right to full voir dire examination of prospective jurors and to challenge jurors peremptorily.
Within our criminal law system, the procedure for challenging prospective jurors is contained in La.C.Cr. P. arts. 795-800. The practice known as back-striking is frequently used during jury selection in criminal cases, and expressly sanctioned in such cases by La.Code Crim. P. art. 795 B(1). Art 795(B)(1) provides, "peremptory challenges shall be exercised prior to the swearing of the jury panel." This article has been interpreted to mean that a juror in a criminal prosecution, though "provisionally accepted" and sworn, may nevertheless be challenged peremptorily by a party at any time prior to the swearing of the jury panel. State v. Watts, 579 So.2d *799 931 (La.1991). Since the jury panel is not sworn until all individual jurors and alternates have been selected, under La.C.Cr.P. art. 790,[2] peremptory challenges may be exercised even after tendering of jurors under Article 788(A).[3] In other words, peremptory challenges are exercisable at any time before the jury panel is sworn. State v. Taylor, 93-2201 (La.2/28/96), 669 So.2d 364.
Unlike the criminal context, there is no United States or Louisiana constitutional right to trial by jury in a civil case in Louisiana courts. Scott v. Clark, 583 So.2d 938 (La.App. 1 Cir.1991). The right to jury trials in civil cases is not so fundamental to the American system of justice as to be required of state courts by the due process clause of the fourteenth amendment. Blanchard v. City Parish of East Baton Rouge, 95-2011 (La.App. 1 Cir. 4/20/96), 674 So.2d 317 citing Melancon v. McKeithen, 345 F.Supp. 1025, 1025 (E.D.La.1972), affirmed, 409 U.S. 943, 93 S.Ct. 289, 34 L.Ed.2d 214 (1972). There is also no constitutional corollary regarding the right to full voir dire examination and peremptory challenges in civil cases. In Louisiana courts, the right to a jury trial in a civil case is provided for by statute, namely La. C.C.P. arts. 1731 through 1814. La. C.C.P. art. 1731(A) provides that "[e]xcept as limited by Article 1732, the right of trial by jury is recognized." La. C.C.P. art. 1732 places limitations upon civil jury trials and provides as follows:
A trial by jury shall not be available in:
(1) A suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs.
(2) A suit on an unconditional obligation to pay a specific sum of money, unless the defense thereto is forgery, fraud, error, want, or failure of consideration.
(3) A summary, executory, probate, partition, mandamus, habeas corpus, quo warranto, injunction, concursus, worker's compensation, emancipation, tutorship, interdiction, curatorship, legitimacy, filiation, annulment of marriage, or divorce proceedings.
(4) A proceeding to determine custody, visitation, alimony, or child support.
(5) A proceeding to review an action by an administrative or municipal body.
(6) All cases where a jury trial is specifically denied by law.
If the jury trial is not specifically prohibited by statute, a civil litigant must still timely file a pleading demanding a trial by jury and a bond of sufficient amount. La. C.C.P. art. 1733.[4] If the jury trial is not timely requested or sufficient bond not timely filed, the litigant loses the statutory right to a trial by jury. Hall v. K-Mart, 99-0619 (La.App. 4 Cir. 3/1/00), 755 So.2d 1020; Littleton v. Wal-Mart *800 Stores, Inc., 99-390 (La.App. 3 Cir. 12/01/99), 747 So.2d 701; Manuel v. Shell Oil Co., 94-590 (La.App. 5 Cir. 10/18/95), 664 So.2d 470.
In civil litigation, the procedure for calling and examining prospective jurors is governed by La. C.C.P. arts. 1761-1769. La. C.C.P. art. 1766 provides, in pertinent part:
A. After a juror has been examined as provided in Article 1763, the court may excuse the juror and if the court does not do so, either party may challenge the juror for cause.
B. If a juror has not been excused for cause, a peremptory challenge may be made by any party. The court shall alternate between the sides when making initial inquiry as to whether any party wishes to exercise a peremptory challenge to that juror.
C. After the entire jury has been accepted and sworn, no party has a right to challenge peremptorily.
Unlike in the criminal context, this court has not held that the practice of back-striking is mandated in civil cases. Instead, some trial judges have allowed back-striking while some have expressly prohibited the practice in civil cases. In Bernard v. Richoux, 464 So.2d 856 (La. App. 5 Cir.1985), the trial court refused to allow the plaintiffs to reserve at least one peremptory challenge until after the jury was selected, but before being sworn. The Fifth Circuit Court of Appeal found no error in the trial court's decision and described the procedure requested as being "without precedent in our law and our knowledge and experience and appellant cites no authority whatsoever for the same." Bernard, 464 So.2d at 858. Bernard provides us with the only Louisiana court of appeal ruling on this subject in a civil case. Presumably, the practice of back-striking in civil cases continues in some Louisiana trial court jurisdictions and, not in others.
Therefore, we must determine whether the code of civil procedure mandates the practice of back-striking in civil cases. The question, then, presented for our review is whether La. C.C.P. art. 1766(C) provides a party, in civil cases, an absolute right to peremptorily challenge jurors previously accepted from an earlier panel, i.e., does the statute mandate the practice of back-striking in civil cases.
Plaintiffs argue that with regard to peremptory challenges, and particularly back-striking, the Louisiana Code of Civil Procedure closely parallels the Louisiana Code of Criminal Procedure articles. Plaintiffs maintain that the criminal procedure article is less specific as regards back-striking than the language in the civil procedure article. Nevertheless, the availability of back-striking in criminal cases is established beyond question in Louisiana. Therefore, plaintiffs argue that it should follow that the practice of back-striking is mandated in civil litigation in accordance with art. 1766(C). Defendants counter that it is well established that criminal defendants are afforded heightened procedural protections over civil litigants. State v. Taylor, 554 So.2d 232 (La.App. 2 Cir. 1989). Thus, defendants maintain that even if the practice of back-striking is allowed in criminal court, it does not follow that the same should apply in civil court.
We find plaintiff's argument to be without merit. Although there seems to be some parallel in regard to the jury selection provisions in the Code of Civil Procedure and the Code of Criminal Procedure,[5] it does not follow that back-striking *801 should be mandated in civil cases. It is clear from the lack of constitutional mandate of jury trials and peremptory challenges in civil cases, as well as from the various statutory limitations placed upon a civil litigant's right to a jury trial, that jury trials in civil cases are far less important and are given far less protection than in criminal cases.
Another contrast between civil and criminal law is the broad discretion afforded to the trial court in civil cases. La. C.C.P. art. 1631(A) provides, "The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done." A trial judge is vested with broad discretion in regulating and supervising voir dire and in ruling on challenges. His rulings governing the selection of a civil jury will be reversed only when a review of the entire voir dire reveals that the judge abused his broad discretion. Carter v. Baham, 95-2126 (La. App. 4 Cir. 10/09/96), 683 So.2d 299. Le-Blanc v. Mercedes-Benz of North America, Inc., 93-907 (La.App. 3 Cir. 3/2/94), 633 So.2d 399. The trial court has broad discretion as to the scope and extent of voir dire. Landeche v. McSwain, 96-0959 (La.App. 4 Cir. 2/5/97), 688 So.2d 1303.
We note that the official revision comment following art. 1766 states, in pertinent part, that "Articles 1766, 1767, are taken from the Code of Criminal Procedure." However, in light of the clear contrast between the civil and criminal arena regarding the limitations placed on the right to jury trials in civil cases and the trial court's broad discretion during voir dire in civil cases, we are not prepared to mandate the practice of back-striking in civil cases as we have done in criminal cases. This court cannot afford a civil litigant greater jury trial rights than provided by statute, nor can we afford them constitutional protection where clearly none exist.
Plaintiffs next argue that the plain language of La. C.C.P. art. 1766(C) mandates that the practice of "back-striking" is mandated in civil cases. Specifically, plaintiffs argue that the use of the words "after the entire jury has been accepted and sworn" means that a party has a right to back-strike any prospective jurors, even those previously accepted in an earlier panel, up until the swearing of the entire jury. To further support their position, plaintiffs cite Maraist & Lemmon, 1 La. Civil Law Treatise, § 11.4 p. 277 n. 46 (1999), wherein it provides:
Peremptory challenges are prohibited "[a]fter the entire jury has been accepted and sworn ..." LSA-C.C.P. art. 1766C. This prohibition clearly applies only after the general swearing, and not when the individual juror (who was earlier sworn to answer truthfully on voir dire) is accepted during the course of voir dire, as is the custom in some districts.
Defendants argue that art. 1766(C), written in negative terms, prohibits peremptory strikes after a certain point and is not affirmatively written to grant a party a right until that point. According to defendants, the word "entire" in art. 1766(C) draws the point at which peremptory strikes can never be used: after the "entire" jury is accepted and sworn. The statute is silent as to when peremptory strikes may be used, but leaves the decision to the trial judge. Essentially, defendants *802 argue that art. 1766(C) sets forth only a prohibition, and not a right.
We reject plaintiff's argument that the language of La. C.C.P. art. 1766(C) mandates the practice of back-striking in civil cases. The starting point in the interpretation of any statute is the language itself. Ambiguous text is to be interpreted according to the generally prevailing meaning of the words employed. Theriot v. Midland Risk Insurance Co., 95-2895 (La.5/20/97), 694 So.2d 184. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the law maker. Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1 Cir.1984).
A review of the legislative comments and discussion surrounding the enactment of art. 1766 provides us with no guidance as to whether the legislature intended that the practice of back-striking be mandated in civil cases. What is clear from a reading of the statute is that the legislature intended that there be a prohibition against peremptory challenges "[a]fter the entire jury has been accepted and sworn." The plain construction of the statute merely prohibits peremptory challenges after a certain point. The statute does not give a litigant a right to back-strike jurors from previous panels, until the entire jury is sworn. It simply addresses the last opportunity for peremptory challenges.
Furthermore, prohibiting back-striking in a civil case does no violence to the plain language of art. 1766(C) and does not prevent the carrying out of the legislative intent which is to prohibit peremptory challenges after the entire jury is sworn. La. C.C.P. art. 1766(C) can be violated only if the trial court allows the parties to exercise peremptory challenges after the entire jury has been accepted and sworn.
Our interpretation of art. 1766(C) is not refuted by the treatise, Maraist & Lemmon, 1 La. Civil Law Treatise, supra, cited by plaintiffs. The excerpt from the treatise states that the "prohibition [of peremptory challenges] clearly applies only after the general swearing, and not when the individual juror ... is accepted..." The treatise also does not speak of the right to back-strike. It recognizes that the prohibition against peremptory challenges is applicable only after the "entire" jury is sworn.
To further support their argument that back-striking is mandatory in civil cases, plaintiffs cite La. C.C.P. art. 1766(B) which reads, "If a juror has not been excused for cause, a peremptory challenge may be made by any party. The court shall alternate between the sides when making initial inquiry as to whether any party wishes to exercise a peremptory challenge to that juror." (Emphasis added). They maintain that the use of the word "initial" in describing an inquiry can have no other meaning than the possibility of a subsequent inquiry as to whether any party wishes to exercise a peremptory challenge as to a particular juror at a later time prior to the accepting and swearing of the entire jury, hence mandating the practice of back-striking.
We disagree with plaintiffs contention that the use of the words "initial inquiry" in art. 1766(B) contemplates that a party has a right to a subsequent inquiry as to a particular juror. Art. 1766(B) reads, "If a juror has not been excused for cause, a peremptory challenge may be made by any party. The court shall alternate between the sides when making initial inquiry as to whether any party wishes to exercise a peremptory challenge to that juror." We find that the words "initial inquiry" refers *803 only to the mandate that the judge alternate between plaintiffs and defendants on the initial inquiry as to whether either party wishes to peremptorily challenge a particular juror. For example, if the trial judge makes an inquiry first to the plaintiff, then to the defendant for juror # 1, the trial judge must alternate and make the initial inquiry first to the defendant, then to plaintiff for juror # 2.
Based on the foregoing analysis, we find that La. C.C.P. art. 1766 clearly does not contemplate the ability of a party to exercise any remaining peremptory challenge against any prospective juror at any time prior to the swearing of the jury. While it is desirable to have predictability and uniformity among our trial courts as to whether back-striking will be permitted, this relief is not constitutionally or statutorily mandated. Instead, the right to back-strike in civil cases is left within the sound discretion of the trial judge, who ultimately has the responsibility for orderly conduct of the trial.
Accordingly, we hold that a party does not have a right to back-strike jurors in civil cases in accordance with La. C.C.P. art. 1766(C). Therefore, we find that the court of appeal was correct in affirming the trial court's refusal to allow such practice during the course of voir dire in the instant case.
In light of our findings, we pretermit any discussion regarding plaintiffs argument that the trial court's refusal to allow back-striking constituted reversible error.
AFFIRMED.
KIMBALL, J., dissents for reasons assigned by LEMMON, J.
CALOGERO, C.J., dissents for reasons assigned by LEMMON, J.
LEMMON, J., dissents and assigns reasons.
LEMMON, J., dissenting.
If the Legislature had intended to vest the trial judge with discretion whether or not to entertain peremptory challenges at any time during voir dire until the entire jury is accepted and sworn, it would have been very easy to write such a law. Instead, the Legislature established a scheme whereby a party can exercise a peremptory challenge after a juror has not been excused for cause, and set a time limit for exercising such challenges. In so doing, the Legislature did not include any mention of discretion in the trial judge.
Moreover, it is highly doubtful that the Legislature intended a system under which the law on the time for exercising peremptory challenges will vary from district to district, and even will vary among divisions within a judicial district.
NOTES
[1] Millers Insurance Group was added as a defendant through an amended petition filed on March 12, 1997.
[2] La.C.Cr.P. Art. 790 provides, "When selection of jurors and alternate jurors has been completed, and all issues properly raised under Article 795 have been resolved, the jurors shall then be sworn together to try the case in a just and impartial manner, each to the best of his judgment, and to render a verdict according to the law and the evidence."
[3] La.C.Cr.P. Art 788(A) provides, "After the examination provided by Article 786, a prospective juror may be tendered first to the state, which shall except or challenge him. If the state accepts the prospective juror, he shall be tendered to the defendant, who shall accept or challenge him. When a prospective juror is accepted by the state and the defendant, he shall be sworn immediately as a juror. This article is subject to the provisions of Articles 795 and 796." (Emphasis added).
[4] La. C.C.P. art. 1733a party may obtain a trial by jury by filing a pleading demanding a trial by jury and a bond in the amount and within the time set by the court pursuant to Article 1734.
[5] La R.S. 13:3041 provides, "The qualifications of a juror in any civil case are as required by Article 401 of the Louisiana code of Criminal Procedure." The court may disqualify a prospective petit juror in accordance with Article 787 of the Louisiana Code of Criminal Procedure.