556 So.2d 149 (1990)
BAMMA LEASING CO., INC.
v.
STATE of Louisiana.
No. 89-CA-492.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 1990.
*150 Joseph S. Russo, P.C., Jefferson, for Bamma Leasing Co., Inc.
James C. Russell, Jr., Baton Rouge, for Dept. of Revenue and Taxation.
Before KLIEBERT, BOWES and GOTHARD, JJ.
KLIEBERT, Judge.
Bamma Leasing was aggrieved by an assessment made by the Department of Revenue and Appeal to the Board of Tax Appeal (BTA). The BTA affirmed the original assessment. Bamma then sought review of the BTA decision by the Twenty-fourth Judicial District Court pursuant to the provisions of LSA-R.S. 47:1434.[1] Since the review is based on the record made before the BTA, the trial court ordered the secretary-clerk of the BTA to file the record made before the BTA with the Court. Apparently, the Twenty-fourth Judicial District Court received the record and after reviewing it and conducting a hearing, reversed the BTA's ruling.
The Department of Revenue timely filed a suspensive appeal to this Court. When the record was originally lodged in this Court, no portion of the record made before the BTA was included. On November 10th, 1989, we issued an order to the Clerk of the Twenty-fourth Judicial District Court to supplement the record previously lodged before us, "with the entire record, including the original transcript and all exhibits and evidence attached thereto as made by the Board of Tax Appeals." In compliance with our order the Twenty-fourth Judicial District Court supplemented the record with two volumes of unidentified miscellaneous papers and exhibits which are apparently parts of several records made before the BTA.
An examination of the supplemented record reveals that there are at least two and possibly three types of contracts, all labeled as leases. Further, the supplemented record is in such disarray we cannot determine what constitutes the record made before the BTA nor what constitutes the original assessment made by the Department of Revenue.
Since the tax liability and time for payment depends on whether the particular transaction, regardless of its label, is a *151 lease or a sale, each transaction upon which tax liability was imposed to reach the total assessment must be reviewed individually. The record before us is not sufficient for us to make that analysis.
During the course of the oral hearing, we pointed out the condition of the record to the counsels for appellant and the appellee. After examining the record, they agreed the record was in disarray and they could not reconstruct the record made before the BTA.
Under the provisions of Code of Civil Procedure Article 2161,[2] we cannot dismiss an appeal because the trial record is missing, incomplete, or in error, no matter who is responsible, but we can remand the case either for retrial or for correction of the record. Accordingly, we hereby remand the case to the Twenty-fourth Judicial District Court, with instructions to have its clerk correct the record by reconstructing the record made in the case before the BTA and relodging the record with this Court within thirty (30) days of the date this opinion becomes final. In the event the record cannot be corrected by the Clerk of the Twenty-fourth Judicial District Court, the Twenty-fourth Judicial District Court is instructed to vacate its judgment dated June 2, 1989 and that of the BTA dated October 21, 1987 and remand the case to the BTA for a retrial.
In the event the record is corrected and relodged with this Court, the Clerk of this Court is instructed to reassign the case for briefing and argument before a panel of this Court in accordance with established appellate procedure.
REMANDED.
NOTES
[1] LSA-R.S. 47:1434 provides as follows:

After a decision or judgment of the board, the collector or the taxpayer may, within thirty calendar days after such decision or judgment has been rendered and signed, file a petition with the district court in accordance with the provisions hereinafter set out, for review of the said decision or judgment of the board. The party filing such petition shall before the filing of same, either at open hearing or by motion, notify the board of his intention to file such petition for review. Provided that when the board has found any tax to be due, a taxpayer must, when giving the notice of intention to file a petition for review, post bond, with surety approved by the board conditioned upon the payment of the tax as finally determined, together with any interest, additional amounts or additions to the tax provided for by law, payable to the collector, in an amount not to exceed one and one-half times the said tax, interest, and penalty found to be due in said decision or judgment of the board, and the posting of such bond shall be a condition precedent to the filing of any petition for review in any district court.
Thereafter, and within the thirty calendar days from the date of the rendering and signing of such decision or judgment of the board, the taxpayer may file his petition for review with the proper district court, setting forth specifically any errors which may have been committed by the board in reaching its decision or judgment.
When the district judge has ordered the review, a copy of the order and petition shall be mailed to the secretary-clerk of the board, and the opposing party or counsel representing him, and the order shall command the secretary-clerk of the board to send up within twenty days from the date thereof the original transcript of the record, together with all exhibits and evidence thereto attached; which record shall be the basis for any action on review and the decision of the district court shall be rendered upon the said record as made up before the board.
[2] Code of Civil Procedure Article 2161 provides as follows:

An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.