SHORTESS, Judge.
Floyd Webb (plaintiff), an inmate at the Louisiana State Penitentiary, was charged with violating two prison rules. The prison disciplinary board found him guilty of one offense and dismissed the other. Plaintiff appealed to John P. Whitley, the warden, who failed to decide plaintiffs appeal within 120 days. Plaintiffs appeal was then deemed granted, effectively reversing his conviction. On October 9, 1990, plaintiff wrote to Dora Rabalais, Supervisor of Legal Programs, and requested that “all references” to the charged offenses be expunged from his “prison conduct record and files.” Rabalais did not immediately respond, and plaintiff filed suit on November 2, 1990, “requesting that the June 9, 1990 disciplinary report and all references be expunged from his prison files and record.” Plaintiff named as defendants Whitley and the Legal Programs Department, Louisiana State Penitentiary (defendants). On January 7, 1991, Ra-balais finally ordered that the report be expunged. Thereafter, the trial court dismissed plaintiffs suit as moot.
Plaintiff appeals, contending the expungement of the report alone did not render his suit moot. Plaintiff complains that after expunging a disciplinary report, defendants maintain in their files a summary of the disciplinary proceedings and subsequent investigative reports which are more lengthy and damaging than the initial report. Plaintiff seeks expungement of any and all references to the charged offenses.
The federal consent decree entered into in Ralph v. Dees, No. 71-94, slip op. at 23 (M.D.La. Mar. 13, 1975), provided:
Any inmate found not guilty at the hearing or rehearing or whose conviction is reversed shall have all mention of the charges expunged from his permanent record immediately.
(Emphasis added.) “[A]ll mention” is a broad term which certainly encompasses more than the initial disciplinary report. Plaintiffs complaint is well-founded.
Accordingly, we find the trial court was legally incorrect in holding plaintiffs suit was moot. The decision of the trial court is reversed. We hereby render judgment in favor of plaintiff, Floyd Webb, and order defendants to expunge and physically remove all documents from plaintiffs master prison file and any other files maintained by defendants relating to the June 9, 1990, disciplinary charges against plaintiff, Floyd Webb. Costs of this appeal in the sum of $297.95 are assessed to defendants.
REVERSED AND RENDERED.