PITCHER, Judge.
On May 14, 1990, Floyd Webb, an inmate at the Louisiana State Penitentiary, pled guilty at a disciplinary hearing to “threat to security-theft and property destruction” and was sentenced to loss of four weeks of canteen privileges.
On May 16, 1990, Webb filed an appeal of the disciplinary board’s decision with the warden’s office, alleging that (1) the sentence imposed was excessive and (2) the motion to dismiss should have been granted.
Webb subsequently filed a petition for judicial review, alleging that as of September 11, 1990, the appeal decision had not been issued. Webb named as defendants John P. Whitley, Warden at the Louisiana State Penitentiary, and the Legal Programs Department of the Louisiana State Penitentiary.
On January 2, 1991, Webb filed an amendment to his petition for judicial review, stating that on October 22,1990, he was served a copy of the appeal decision. The appeal filed by Webb was denied.
On January 9, 1991, defendants answered this petition and attached the record of the proceedings of Administrative Remedy Procedure # LSP-90-2891.[1] Defendants basically argued that Webb’s complaint had been fully reviewed and stated that the ruling under the Administrative Remedy Procedure was not arbitrary or capricious and should not be reversed.
Webb filed a “Rebuttal To Defendants’ Answer & Memorandum”, arguing that defendants’ answer did not address his petition, which had asked for an expungement because of defendants’ failure to render an appeal decision within 120 days of the disciplinary hearing.
On June 13, 1991, Webb filed a “Motion For Leave To File An Amended Complaint And Add A Defendant.”
On March 11, 1992, the Commissioner’s ' Recommendation was made. The Commissioner recommended that, because evidence had been submitted indicating that the incident report sued on had been expunged from Webb’s records, the suit filed seeking to have this matter expunged was now moot. The *2 recommendation further noted that there was nothing remaining of the case or controversy between the parties. Thus, the suit was dismissed with prejudice at defendants’ cost.
Webb then filed a traversal of the Commissioner’s recommendation, claiming first that the expungement would not include “all references” to the disciplinary report. Webb then claimed that he sought review of other claims, including other Administrative Remedy Procedures and civil actions alleged by him in the petition.
On May 4, 1992, the district court rendered judgment in favor of defendant, John P. Whitley and against Webb, dismissing his suit as moot.
Webb appeals, contending first that the expungement of the report alone' did not render his suit moot.[2] Webb complains that after expunging a disciplinary report, defendant maintains in its files a summary of the disciplinary proceedings and subsequent investigative reports which are more lengthy and damaging than the initial report. Webb seeks expungement of any and all references to the charged- offense.
This court has recently interpreted the federal consent decree entered into in Ralph v. Dees, No. 71-94, slip. op. at 23 (M.D.La. Mar. 13, 1975). The federal consent decree provided:
Any inmate found-not guilty at the hearing or rehearing or whose conviction is reversed shall have all mention of the charges expunged from his permanent record immediately. (Emphasis added.)
This court has concluded' that “[a]ll mention” is a broad term which certainly encompasses more than the initial disciplinary report. Webb v. John P. Whitley, et al., 623 So.2d 165, 166 (La.App. 1st Cir.1993).
Accordingly, we find the trial court was legally incorrect in holding that Webb’s suit was moot. The decision of the trial court is reversed. We hereby render judgment in favor of Webb, and order defendants to expunge and physically remove from Webb’s master prison file all documents or other files maintained by defendants relating to the May 11, 1990 disciplinary charge against Webb.
The remaining claims set forth by Webb in his brief are not properly before this Court; therefore, they will not be addressed. However, Webb filed a “Motion For Leave To File An Amended Complaint And Add A Defendant.” On this motion, there is a handwritten notation, dated June 13, 1991 and signed by Commissioner Men Bergeron, stating “File as is. No order attached.” We construe this notation to mean that the Commissioner allowed Webb to amend his petition, pursuant to LSA-C.C.P. art. 1151. The judgment rendered in this case clearly reflects that this claim, involving the added defendant, was not litigated by the district ■court. Accordingly, this matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED.

. This record apparently dealt with Webb’s request for an administrative remedy. Through this Administrative Remedy Procedure, Webb sought to find out'why he had been transferred from the Main Prison on May 10, 1990 and requested that he he transferred back to the Main Prison.

. This contention is set forth as Claim 1 in plaintiffs brief.