708 So.2d 1184 (1998)
Michael NICKENS
v.
PATRIOT HOME SYSTEMS.
No. 97 CA 0291.
Court of Appeal of Louisiana, First Circuit.
February 20, 1998.
*1185 Michael Nickens, Baton Rouge, Plaintiff/Appellee in pro per.
Leslie M. Koch, Baton Rouge, for Defendant/Appellant, Patriot Home Systems.
Before CARTER and FITZSIMMONS, JJ., and CHIASSON,[1] J. Pro Tem.
CARTER, Judge.
This is an appeal by an employer from a judgment awarding temporary total disability benefits, medical expenses, mileage reimbursements and penalties.

FACTS
Plaintiff, Michael Nickens, filed a disputed claim for compensation form against his employer, Patriot Home Systems.[2] Nickens alleged he sustained a dislocated ankle and a heel fracture when he fell from a second story walkboard while he was installing siding in the course and scope of his employment. An amended claim for compensation was filed on August 7, 1996. The record does not reflect that Patriot Home Systems ever answered Nickens' claim for compensation.
The record contains a transcript of the hearing held on September 20, 1996, before the workers' compensation judge. The hearing was held to confirm a preliminary default entered by Nickens against Patriot Home Systems. The only testimony taken at the hearing was from Nickens and his mother, Debra Pearson. There was no representative of Patriot Home Systems present at the hearing.
The workers' compensation judge found Nickens to be in the course and scope of his employment and awarded temporary total disability benefits, medical expenses, mileage reimbursements, penalties for failure to pay benefits, and penalties for failure to appear at a mediation conference. The judgment, which was signed on September 20, 1996, is attached hereto as "Appendix A."
Patriot Home Systems filed this appeal asserting the following assignments of error:
1. The hearing officer manifestly erred in rendering judgment by default, as there is no proper proof of service in the record.
2. The plaintiff failed to present a prima facie case sufficient to warrant judgment by default for workers' compensation benefits;
3. The hearing officer manifestly erred in accepting plaintiff's medical documentation as evidence, as it was unsworn and uncertified and thus failed to meet evidentiary requirements;
4. The hearing officer manifestly erred in awarding penalties, since the plaintiff did not prove a prima facie case entitling him to workers' compensation benefits of any nature;
5. Assuming arguendo that plaintiff proved his prima facie case to workers' compensation benefits and that penalties were applicable, which defendant-appellant denies, the penalties for indemnity benefits and medical expenses were improperly and erroneously calculated by the hearing officer;
6. The hearing officer manifestly erred in awarding a penalty for unpaid mileage, as this is not authorized by statute;
7. The hearing officer manifestly erred in awarding a penalty for unpaid medical expenses, since there was no proof the employer ever received written notice of the medical bills, as required by statute; and

*1186 8. The hearing officer manifestly errred in fining the employer for failure to attend the mediation conference, when there is no proof the employer ever received notice of the mediation.

DISCUSSION
LSA-C.C.P. art. 2132, which permits the correction of evidence which was actually introduced at trial, does not permit introduction of new evidence after the transcript of the appeal is filed in the appellate court. Sutton v. Montegut, 544 So.2d 1181, 1184 (La.App. 5th Cir.1989) (on rehearing). Moreover, the court of appeal has no jurisdiction to receive new evidence. Sutton v. Montegut, 544 So.2d at 1184; Bullock v. Commercial Union Insurance Company, 397 So.2d 13, 15 (La.App. 3rd Cir.1981). We cannot dismiss an appeal because the trial court record is missing, incomplete, or in error, no matter who is responsible; however, we can remand the case for retrial or for correction of the record. LSA-C.C.P. art. 2161; Bamma Leasing Co., Inc. v. State, 556 So.2d 149, 151 (La.App. 5th Cir.1990).
In the instant case, the workers' compensation judge noted in the transcript of the September 20, 1996 hearing that the record reflected Patriot Home Systems was served with the petition on August 27, 1996, and Nickens had filed a motion for preliminary default on September 12, 1996. The workers' compensation judge also noted that Jim Selzer, Nickens' employer, was served with an insurance order from the Office of Workers' Compensation on July 10, 1996; and that there were two mediations set, yet neither Selzer nor Patriot Home Systems appeared. However, the appellate record contains none of these items.
Therefore, we remand the instant case to the Office of Workers' Compensation for inclusion of the proof of service of the petition on Patriot Home Systems, the motion for preliminary default, all documentation regarding mediation conferences and notices therefor, and proof of service on Jimmy Selzer regarding the insurance order from the Office of Workers' Compensation. See Brown v. Department of Environmental Quality, 597 So.2d 174, 175-76 (La.App. 1st Cir.1992); Bamma Leasing Co., Inc. v. State, 556 So.2d at 151; Guillie v. Department of Transportation and Development, 538 So.2d 1144, 1146-47 (La.App. 5th Cir.1989). Costs of this appeal are to await a final determination of the merits of the appeal.
REMANDED.

APPENDIX A

JUDGMENT
This cause came on for hearing on September 20, 1996 for confirmation of preliminary default entered on September 12, 1996.
PRESENT IN COURT: Michael Nickens, In Proper Person.
No one appeared on behalf of the defendant and no answer or opposition had been filed.
Considering the law and evidence and for reasons orally assigned, It Is Hereby Ordered, Adjudged and Decreed That:
1. The claimant was injured in the course and scope of his employment on May 24, 1996.
2. The claimant's average weekly wage on the date of injury was $198.00 and his Temporary Total Disability rate is $132.00 per week.
3. The claimant is awarded TTD benefits from the date of injury, May 24, 1996, until August 19, 1996, the date released to return to work by his treating physician, Dr. Kucharchuk (12 ½ weeks) at the rate of $132.00 per week; totaling $1630.60, plus interest from the date of this award until paid.
4. The claimant is awarded all medical expenses related to his injury; totaling $5,050.33 plus interest from the date of this award until paid.
5. The claimant is awarded reimbursement for mileage transportation to and from his physician appointments and the pharmacy; totaling $14.04, plus interest from the date of this award until paid.
6. The claimant is awarded reimbursement for prescriptions related to the injury; *1187 totaling $63.76, plus interest from the date of this award until paid.
7. The claimant is awarded penalties for the defendant's failure to pay indemnity benefits in the amount of $2,000.00, plus interest from the date of this award until paid.
8. The claimant. is awarded penalties for the defendant's failure to pay medical expenses in the amount of $2,000.00, plus interest from the date of this award until paid.
9. The claimant is awarded penalties of the defendant's failure to pay mileage expenses in the amount of $2,000.00, plus interest from the date of this award until paid.
10. The claimant is awarded penalties in the amount of $20.80 representing mileage to/from the Office of Workers' Compensation (OWC) to attend the mediation in this case set for September 4, 1996, plus interest from the date of this award until paid. Said mediation was canceled due to the defendant's failure to appear.
11. The defendant is to pay to the OWC a penalty in the amount of $250.00 for its failure to appear at the mediation referenced hereinabove.
Signed in Chambers this 30th day of September, 1996, in Baton Rouge, La.
 /s/ Pamela A. Moses-Laramore
 Pamela A. Moses-Laramore
 Workers' Compensation
Judge
 District 05
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The workers' compensation judge found that although Nickens was employed by Jimmy Selzer, Patriot Home Systems was his statutory employer.