_[gGUIDRY, J.
Appellant, Louisiana Department of Public Safety and Corrections (DPSC) appeals the actions of the district court in reversing the findings of rule violations by the Disciplinary Board, remanding the case to be reheard by the Disciplinary Board, and expunging the prison record of inmate William Ford, Jr. (Ford) of any references to the subject disciplinary charges. We affirm that portion of the judgment ordering the case remanded and reverse that portion ordering expungement of Ford’s record.
FACTS & PROCEDURAL HISTORY
Ford is an inmate at the David Wade Correctional Center. On June 19, 1997, Ford left his assigned duty post and reported to the prison infirmary. As a result of this visit, Ford was subsequently charged with violating two of the Disciplinary Rules for Adult Offenders listed in LAC 22:1.365, aggravated malingering and defiance.
In her report, nurse Rachael Robinson, LPN, charged Ford with aggravated malingering based on Ford seeking her assistance in getting reassigned from working in the field to light-duty work detail on the compound. Ford made this request because of his duty status which required that he avoid excessive exposure to the sun. Upon determining that Ford’s “emergency” could have been handled at his regularly scheduled sickcall visit, Nurse Robinson denied Ford’s request. The charge of defiance allegedly resulted from Ford threatening to file a grievance against Nurse Robinson for denying his request. However, Ford claimed that he did not threaten Nurse Robinson, but only informed her that he had previously filed complaints and two lawsuits regarding his assignments to work in the field.
A hearing on these two charges was held on June 20, 1997 before the Disciplinary Board, at which time Ford was found guilty of the charged rule ^violations and sentenced to (1) a custody change to maxi *912 mum, working cellblock and (2) failure to earn 30 days good time for the month of June.
On June 24, 1997, Ford’s assigned duty was to pick up sticks. Sergeant David Turner, who supervised Ford in the performance of this task, later filed a report charging Ford with an aggravated work offense. In the report, Sergeant Turner claimed that he repeatedly instructed Ford on the proper performance of the task, while Ford stood watching the other inmates work. He noted that Ford commenced working only after being threatened with the issuance of a rule violation report. The Disciplinary Board held a hearing on June 30, 1997 to decide whether Ford was guilty of the charged offense. The board so found and sentenced Ford to four weeks confinement and the loss of 30 days good time for the month of June.
Ford appealed the judgments of both disciplinary hearings to the warden of the David Wade Correctional Center. By his decision dated July 23, 1997, the warden denied Ford’s appeal. Ford then sought review of the warden’s decision by Richard L. Stalder, secretary of DPSC, who, in turn, upheld the decisions of the Disciplinary Board and the warden, and denied Ford’s appeal on October 22,1997.
Ford then filed a petition requesting judicial review of the decision of the DPSC. On September 9, 1998, a judgment was rendered by the district court ordering that the case be remanded to the disciplinary board for rehearing because the tape recordings of the previous hearing had been destroyed and had not been made a part of the record. The DPSC appeals this action by the district court.
ASSIGNMENTS OF ERROR
The following alleged errors were raised by the DPSC in bringing this appeal:
pl. The trial court erred in finding that the decisions of the DPSC are arbitrary and beyond the discretion allowed them and in reversing the decision of the DPSC in Disciplinary Board Appeal Nos. HDQ-5830 and HDQ-5831.
2. The trial court erred in ordering the expungement of Inmate Ford’s record of reference to the disciplinary charges or findings of the Disciplinary Board with regard to the subject of the appeals.
DISCUSSION
In this case, the record submitted to the district court by the DPSC consisted mainly of the rule violation reports, memoranda and the written decisions issued by the Disciplinary Board, the warden, and the secretary of DPSC in regards to the alleged rule violations committed by Ford. Missing from the record were the transcripts or any written summaries of the hearings held before the Disciplinary Board. Both the June 20th and the June 30th hearings were taped; however, by the time Ford’s appeal reached the district court, the tape recordings had been destroyed.
The Disciplinary Rules for Adult Offenders requires that tapes be preserved for 145 days. LAC 22:1.349. Additionally, Angie Huff, the executive staff officer at the David Wade Correctional Center, submitted an affidavit to the district court stating that the “[t]apes are preserved for a minimum of 145 days or as required for judicial review. It is the responsibility of the inmate to put the institution on notice that he would like the tape preserved for judicial review before the expiration of the 145 day period.” Apparently, the requirement to preserve for judicial review and for the inmate to give notice of the need for such preservation is an internal, departmental policy or practice that extends beyond what is required under the Disciplinary Rules for Adult Offenders.
Appellant argues that Ford’s failure to give notice to the institution caused the tapes not to be preserved and any harm stemming therefrom | Bshould be borne by Ford. Appellant further argues that it was *913 error for the district court not to simply defer to findings of fact and conclusions of the DPSC without the evidence of the tape. The appellant claims that the failure of the district court to give such deference resulted in that court improperly seeking to review the case de novo.
“Judicial review of a quasi-judicial administrative agency action is said to be appellate review.” Johnson v. Department of Corrections, 97-1891, p. 5 (La.App. 1st Cir.6/25/99), 738 So.2d 1165, 1167. Therefore, when the district court reviewed this matter, it was sitting as an appellate court. Louisiana Code of Civil Procedure article 2161 states, in part, “[a]n appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record.”
Under the Louisiana Administrative Procedure Act, which has been held to be applicable to agency adjudication proceedings of the Department of Corrections, Nix v. King, 457 So.2d 805 (La.App. 1st Cir.1984), the record in a case of adjudication must consist of the following:
(1) All pleadings, motions, intermediate rulings;
(2) Evidence received or considered or a resumé thereof if not transcribed;
(3) A statement of matters officially noticed except matters so obvious that statement of them would serve no useful purpose;
(4) Offers of proof, objections, and rulings thereon;
(5) Proposed findings and exceptions;
(6) Any decision, opinion, or report by the officer presiding at the hearing.
La. R.S. 49:955(E).
As indicated under subsection (2) of the foregoing list, the tape recordings of the disciplinary hearings (or at a minimum, a resumé of the evidence received at the hearing) constituted part of the record in this case. |fiIt would have been error on the part of the district court to have rendered a decision in absence of the evidence provided in the tape recordings.
In Muggivan v. Jefferson Parish School Board, 583 So.2d 1157 (La.App. 5th Cir.), writ denied, 590 So.2d 66 (La.1991), the court set aside the judgment of the district court because it was rendered despite the fact that the transcript from the school board hearings had not been included in the record before the district court. The appellate court found that the hearing before the school board took place over the course of three days, yet the stenographic notes from one of the days had been destroyed, could not be duplicated, and therefore were not transcribed. The transcripts for the other two days were available, but were not included in the record. The case was remanded with instructions to reconstruct and transcribe, if possible, those portions of the hearing that were destroyed. If this was not possible, then the court ordered that the plaintiff be granted a new trial before the school board.
Likewise, in the present case, there was no record from which the district court could determine whether the DPSC’s findings of fact were reasonable, thereby justifying its resulting conclusions. In order to determine whether the fact finder’s understanding of the facts were reasonable in light of the evidence, the evidence must be available to the reviewing court. In absence thereof, the district court correctly remanded the case with instructions. See also Nickens v. Patriot Home Systems, 97-0291, pp. 3-4 (La.App. 1st Cir.2/20/98), 708 So.2d 1184, 1186; Brown v. Department of Environmental Quality, 597 So.2d 174, 175-176 (La.App. 1st Cir. 1992); Bamma Leasing Co., Inc. v. State, 556 So.2d 149, 151 (La.App. 5th Cir.1990).
17As to the appellant’s second assignment of error, considering that a determination of whether Ford should be found guilty of the violations charged must be made anew, we vacate that portion of *914 the district court’s judgment ordering ex-pungement of charges from Ford’s records in reliance on Webb v. Whitley.[1] This case is distinguishable from Webb v. Whitley, 680 So.2d 1 (La.App. 1st Cir.1993), writ denied, 94-0084 (La.3/11/94), 634 So.2d 395, in that this court rendered a judgment on the merits in that matter. Considering that an appellate court has not yet rendered a decision as to Ford’s guilt, we reverse that portion of the district court’s judgment ordering expungement of Ford’s record. Furthermore, we vacate the decision of the Disciplinary Board pending a rehearing of this matter.
CONCLUSION
Accordingly, we find the district court acted properly in reversing the decision of DPSC and remanding the case to the Disciplinary Board for rehearing. We reverse that portion of the district court’s judgment ordering expungement of Ford’s record, and in turn, vacate the decisions of the Disciplinary Board pending a rehearing. In so finding, we charge the costs of this appeal, in the amount of $373.91, to appellant, the Department of Public Safety and Corrections.
AFFIRMED, IN PART; REVERSED, IN PART; AND VACATED, AND REMANDED.

. In the judgment issued by the district court, it referred to Webb v. Whitley without giving a citation. Our research revealed at least two cases titled Webb v. Whitley, one found at 623 So.2d 165 (La.App. 1st Cir.), amended, 629 So.2d 377 (La. 1993) (the amendment added limiting language) and the other at 630 So.2d 1 (La.App. 1st Cir.1993), -writ denied, 94-0084 (La.3/11/94), 634 So.2d 395 (incorporating the limiting language ordered by the Louisiana Supreme Court). Both, however, deal with the same facts and render practically the same conclusions of law.