809 So.2d 384 (2001)
Ray ARNETTE, et al.
v.
NPC SERVICES, INC., et al.
No. 2000 CA 1776.
Court of Appeal of Louisiana, First Circuit.
September 28, 2001.
Andrew H. Meyers, David C. Hesser, Lafayette, Counsel for Defendant/1st Appellant, NUS Corporation.
John W. deGravelles, Locke Meredith, Stephen M. Irving, David L. Bateman, Baton Rouge, Counsel for Plaintiffs/2nd Appellants, Ray A. Arnette, et al.
Gerald L. Walter, Jr., Baton Rouge, Counsel for Defendants/Appellees, NPC Services, Inc., et al.
Martin E. Golden, Baton Rouge, S. Dwight Stephens, New York, NY, Counsel for Defendant/Appellee, First State Insurance Company.
*385 Joseph B. Morton, III, Metairie, Counsel for Defendant/Appellee, Pacific Insurance Company.
Stephen W. Glusman, Baton Rouge, Counsel for Defendant/Appellee, Celanese Americas Corp.
Dan E. West, Baton Rouge, Counsel for Defendant/Appellee, National Union Fire Insurance Company of Pittsburg, PA.
James Kirk Piccione, Lafayette, Counsel for Defendant/Appellee, Provident Life and Accident Insurance Company.
Larry G. Canada, New Orleans, Counsel for Defendant/Appellee, Continental Casualty Company.
Thomas E. Balhoff, Daniel R. Atkinson, Jr., Baton Rouge, Counsel for Defendant/Appellee, Harmony Corporation.
Before: GONZALES, KUHN, and CIACCIO,[1] JJ.
GONZALES, J.
In this appeal, an insured challenges a trial court's grant of summary judgment in favor of the insurer based on a finding of lack of coverage under the applicable policies.

FACTUAL AND PROCEDURAL BACKGROUND
In September of 1988, multiple plaintiffs filed a petition for damages claiming injury as a result of exposure to chemicals and fumes allegedly attributable to the remediation of a hazardous waste disposal site, known as the PetroProcessors site, in East Baton Rouge Parish. The plaintiffs consist of employees of Reynolds Metals Corporation and Schuylkill Metal Works, businesses located near the PetroProcessors site. Initially, the plaintiffs named NPC Services, Inc. (NPC) as the sole defendant, alleging that NPC was a consortium of corporations engaged in the cleanup of the PetroProcessors site. Later, NUS Corporation (NUS) and First State Insurance Company of Wilmington, Delaware (First State), among others, were added as defendants. NUS was hired by NPC as a health and safety consultant for the remediation project, and First State was NUS's insurer during the relevant period.
On September 1, 1999, First State filed a motion for summary judgment, claiming the two excess general commercial liability policies issued to NUS excluded coverage for the plaintiffs' alleged injuries under a "pollution hazard exclusion" and a "professional liability exclusion" contained in the policies. On November 8, 1999, a hearing was held on the motion, and, on May 15, 2000, the trial court signed a judgment, granting First State's motion and dismissing the plaintiffs' suit against First State.
The plaintiffs and NUS separately appeal from the adverse judgment, contending the trial court erred in concluding there was no coverage under the pollution hazard and professional liability exclusions of First State's policies. Additionally, the plaintiffs contend the trial court erred in granting the summary judgment, because the documents submitted in support of First State's motion were not properly certified as "true copies" by a person with personal knowledge of such fact.

DISCUSSION
An appellate court's review of a summary judgment is a de novo review based on the evidence presented to the trial court, using the same criteria used by the trial court in deciding whether a summary judgment should be granted. Simmons v. Berry, 98-0660 (La.App. 1 Cir. 12/22/00), 779 So.2d 910, 913-914. A motion for summary judgment should be granted only *386 if all the pleadings, depositions, answers to interrogatories, admissions, and affidavits submitted to the trial court show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Buck's Run Enterprises, Inc. v. Mapp Construction, Inc., 99-3054 (La.App. 1 Cir. 2/16/01), 808 So.2d 428, *2.
This court is unable to conduct a review of the summary judgment rendered in this case because the evidence purportedly introduced by First State in support of its motion, and apparently relied upon by the trial court, is not contained in the appellate record. In the first paragraph of its motion for summary judgment, First State contends there are no genuine issues of material fact regarding its freedom from liability under the two excess general liability policies it issued to NUS. First State goes on to list eight exhibits, including the insurance policies, the Remedial Action Health and Safety Plan pertaining to the remediation of the PetroProcessors site, the contract between NPC and NUS, plaintiffs' second supplemental and amending petition, and excerpts from depositions of Edward Robertson, John Miken, Gary Beswick, and Curtis Crumholt. However, these referenced exhibits are not attached to First State's motion for summary judgment and, with the exception of the second supplemental and amending petition, none of the referenced exhibits are otherwise contained in the appellate record before this court.[2] The trial court apparently had the opportunity to consider at least the insurance policies, because the judgment indicates the trial court granted the summary judgment based on its conclusion that First State was "entitled to judgment as a matter of law on both the pollution exclusion and the professional liability exclusion of the insurance policies it issued to [NUS]." Although the trial court may have seen and read the policies, this evidence, as well as the other referenced exhibits, was apparently not formally made a part of the record.[3]
In order to determine whether the trial court's interpretation of the evidence was correct, the evidence must be available to the reviewing court. Louisiana Code of Civil Procedure article 2132 allows the correction of an appellate record which omits a material part of the trial record; however, Article 2132 does not permit the introduction of new evidence after the transcript of the appeal is filed in the appellate court. Moreover, the court of appeal has no jurisdiction to receive new evidence. Nickens v. Patriot Home Systems, 97-0291 (La.App. 1 Cir. 2/20/98), 708 So.2d 1184, 1186. Pursuant to La. C.C.P. art. 2161, an appeal shall not be dismissed because the trial record is missing, incomplete or in error, no matter who is responsible, and the appellate court may remand the case either for a retrial or for correction of the record. In this case, the record cannot be corrected to include the missing exhibits, because First State did not properly move the exhibits into the record before *387 the trial court. Accordingly, this matter will be remanded to the trial court for a retrial. See Ford v. Louisiana Department of Public Safety and Corrections, 98-2617 (La.App. 1 Cir. 12/28/99), 749 So.2d 910; Bamma Leasing Company, Inc. v. State, 556 So.2d 149 (La.App. 5 Cir.1990).

DECREE
For the foregoing reasons, this matter is REMANDED to the trial court for a RETRIAL of First State's motion for summary judgment in accordance with the requirements of La. C.C.P. arts. 966-967. Costs of the appeal are assessed to First State Insurance Company of Wilmington, Delaware.[4]
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] On September 1, 1999, the same day First State filed its motion for summary judgment, First State also filed into the record a request for admission of facts directed to the plaintiffs, seeking an admission by them that four exhibits (the two First State insurance policies issued to NUS, the Remedial Action Health and Safety Plan, and the contract between NPC and NUS) were "true and correct, authentic, and admissible." However, the referenced exhibits are not attached to the copy of the request for admission filed into the record.
[3] According to the minute entry and exhibit envelope from the November 8, 1999 hearing on the motion for summary judgment, the only documentary evidence introduced was by counsel for NUS. NUS's evidence did not include the exhibits referenced by First State in its motion for summary judgment.
[4] After this matter was lodged on appeal, the parties notified this court by letter and by supplemental memoranda that Ducote v. Koch Pipeline Company, 98-0942 (La.1/20/99), 730 So.2d 432, the previously controlling supreme court case addressing the pollution exclusion exception, had been overruled by Doerr v. Mobil Oil Corporation, XXXX-XXXX (La.12/19/00), 774 So.2d 119, on rehearing, XXXX-XXXX (La.3/16/01), 782 So.2d 573. The effect of the Doerr case on First State's motion for summary judgment is an issue to be addressed by the trial court on remand.